IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EVANS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JOSEPH SCIBANA, )<br>)<br>Respondent. ) | Case Number CIV-07-333-C |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding pro se, filed the present Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to United States Magistrate Judge Gary Purcell for initial proceedings. Judge Purcell entered a Report and Recommendation ("R&R") on March 26, 2007, recommending dismissal. Petitioner has timely objected, and the Court considers the matter de novo.

The underlying facts and relevant law are clearly and fairly set forth in the Report and Recommendation of the Magistrate Judge and need not be repeated here, as there is only one significant dispute. In his objection to the R&R, Petitioner argues the Magistrate Judge erred in finding that 28 U.S.C. § 2255 provides an adequate and effective remedy and that therefore 28 U.S.C. § 2241 is unavailable to him. According to Petitioner, because his previous § 2255 attempts have been rejected, that remedy is no longer available and he may now proceed pursuant to § 2241. Judge Purcell's rejection of this reasoning is correct. McBee v. Lewis, 166 F. App'x 360, 362 (10th Cir. 2006). In McBee, the Tenth Circuit addressed an appeal with facts substantially similar to those in the present case. McBee sought to raise a claim based on Bailey v. United States, 516 U.S. 137 (1995), to challenge his conviction pursuant to § 2241 after an

earlier § 2255 claim had been denied. The Circuit noted that because McBee challenged the validity of his conviction rather than the execution of his sentence, his claim had to be brought pursuant to § 2255. The Circuit then rejected McBee's argument that the prior denial of a § 2255 claim rendered that statute ineffective and therefore the case could be brought under § 2241. The Circuit noted, as did Judge Purcell here, that being "barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Finally, the Circuit in McBee also distinguished Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), two cases relied on by Petitioner, noting they do not compel a different result. Thus, as Judge Purcell correctly recommended, the Court is without jurisdiction to consider Petitioner's claims and this matter must be dismissed

Upon de novo review, the Court finds no error in the Report and Recommendation of the Magistrate Judge. Because Petitioner must proceed pursuant to 28 U.S.C. § 2255, this Court lacks jurisdiction to consider his claims and the case will be DISMISSED without prejudice. The Report and Recommendation of Judge Purcell is ADOPTED. A separate judgment will enter.

IT IS SO ORDERED this 17th day of April, 2007.

ROBIN J. CAUTHRON
United States District Judge